[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT (#117)
The plaintiff, Joseph Breen, filed a five-count complaint against the defendants Merrill Lynch Co. and The Prudential Insurance Co. of America on October 1, 1990. The complaint alleges breach of contract, promissory estoppel, breach of implied covenant of good faith and fair dealing, a statutory wage violation, and a violation of the Age Discrimination in CT Page 5261-XXXXXX Employment Act. The defendants filed a motion for summary judgment as to all five counts on September 17, 1992. The plaintiff filed a memorandum in opposition on November 27, 1992, and the defendants filed a reply memorandum on June 2, 1993.
The standard of a trial court's decision to grant a motion for summary judgment is well established. "Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Barrett v. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748
(1995).
The defendants argue there is no genuine issue of material fact because count one alleges breach of an oral contract, and the parol evidence rule and statute of frauds bar the claim. Count two fails because the alleged oral promise is not sufficiently clear and definite, plaintiff's reliance was unreasonable and the plaintiff did not change his position to his detriment. Count three fails because there is no breach of contract. Count four fails because breach of contract is not a sufficient basis for a statutory wage claim, and count five fails because defendants' actions were legitimate and nondiscriminatory.
As an initial matter, both parties submitted deposition excerpts with their motions. The evidence must be certified or sworn. Practice Book § 380. "`Uncertified copies of excerpts of deposition transcripts are not admissible as evidence' and therefore cannot be considered in a motion for summary judgment."Schulhof v. Stellato, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 138751 (Jan. 9, 1996, Karazin, J.); Oberdick v. Allendale, Superior Court, Judicial District of New Haven, Docket No. 283004 (August 25, 1993, Celotto, J., 9 Conn. L. Rptr. 607, 608). The deposition excerpts provided by both parties are uncertified. The deposition testimony cannot be considered. Without the deposition testimony, the evidence is insufficient to grant the motion. The defendants' arguments rest on deposition testimony articulating when the alleged promises were made and in what form. Nowhere in the affidavits submitted, the complaint, nor the documentary evidence, does there appear an articulation of when, in relation CT Page 5261-YYYYYY to the rescission agreement, the alleged agreements were entered into and what form these agreements took. There is insufficient evidence to dismiss the claim on the grounds of parol evidence and the statute of frauds.
Even assuming the evidence demonstrated that the purported agreement was oral and was entered into before the rescission agreement, "parol evidence may be admitted if the underlying contract is ambiguous." Adler v. Shaykin v. Wachner, 721 F. Sup. 472
(S.D.N.Y. 1988). "[W]here contract language employed in a contract is susceptible of at least two fairly reasonable meanings, the parties have a right to present extrinsic evidence of their intent at the time of contracting." Schering Corp. v.Home Insurance Co., 712 F.2d 4, 9 (2d Cir. 1983). "[T]he determination of whether a contract term is ambiguous — and thus whether parol may be considered — is a threshold question of law for the court." Garza v. Marine Transport Lines, Inc., 861 F.2d 23
(2nd Cir. 1988). The rescission agreement at issue provides, "ML Co., the Employer and the Employee desire to enter into new arrangements with respect to the terms and conditions of the Employee's future employment with Merrill Lynch Mortgage Corporation . . ., which arrangements are designed to replace guaranteed bonuses with equity compensation that will give the Employee a meaningful stake in the success of the Company and are described in the attached . . . ." This clause could mean that the agreement is designed to provide for an agreement as to all the terms and conditions of employment, but that would render the second clause meaningless, which addresses merely the replacement of bonuses with equity compensation. The purported integration clause "constitutes the entire understanding among ML Co., the Employer and the Employee relating to the termination of the Employment Agreement . . . and supersedes all prior written and oral agreements and understandings with respect to such termination." This clause appears to relate solely to the previous employment agreement, but it is ambiguous. The agreement also provides that the company will "provide and make available to the Employee the benefits described in the attached Exhibits A, B, and C." The first exhibit discusses the Realty Capital Accumulation Plan (RCAP), but also provides that "employment contract protection for employees, particularly guaranteed bonuses, is less valuable to employees, the General Partner and the Partnership and should be replaced with meaningful equity interest in the Partnership . . . ." This clause appears to provide that there is no employment agreement. The second attachment is an employment and severance policy, which includes CT Page 5261-ZZZZZZ provisions for salary, and the third articulates the RCAP plan further. The agreement is susceptible of different interpretations, and accordingly the motion for summary judgment on that ground is denied.
Furthermore there are genuine issues of material fact. For instance, the plaintiff alleges that Prudential failed to consider the plaintiff for any other position because of his age, and he was not offered a severance package. The defendant provides an affidavit stating that the plaintiff did not seek other employment, and the severance packages were provided to induce key employees to stay but the plaintiff was not a key employee. (Affidavit of Larry J. Biederman.) The plaintiff offered an affidavit in rebuttal stating that he expressed his desire for employment to four Prudential representatives, but Prudential failed to consider him for any position. (Affidavit of Joseph B. Breen.) The plaintiff states that the purported reason for justifying the severance contract was a sham because two employees who were given severance contracts were terminated soon after the severance contracts were signed, arguing that Prudential clearly was not inducing key employees to stay. Breen's affidavit demonstrates a genuine issue of material fact as to whether the plaintiff sought other jobs, and whether the offered reason was a pretext.
Accordingly, the motion for summary judgment is denied.
KARAZIN, JUDGE